UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-MC-80178-AMC/BER

NATIONWIDE JUDGMENT RECOVERY, INC.,

        Petitioner,

v.

JUANDERLINE MARSAILLE,

        Respondent,

and

WELLS FARGO BANK, N.A.,

        Garnishee.

_____/

### REPORT AND RECOMMENDATION ON WRIT OF GARNISHMENT (ECF NO. 29)

Petitioner Nationwide Judgment Recovery, Inc. is the assignee of a final judgment entered in the United States District Court for the Western District of North Carolina (*Orso v. Disner*, No. 3:14-cv-00091) in the amount of $9,122.24, plus post-judgment interest. ECF Nos. 1, 28. Respondent Juanderline Marsaille was an individual member of a Defendant Class named in the underlying action. ECF No. 28.

In an effort to collect on the judgment, Petitioner moved in this Court for the issuance of a writ of garnishment directed to Garnishee Wells Fargo Bank on September 21, 2023. ECF No. 28. The writ of garnishment, issued that same day,

ordered Wells Fargo to state whether it held any accounts in the name of Juanderline Marsaille. ECF No. 29. On September 25, 2023, a notice was sent to Juanderline Marsaille advising her that the writ of garnishment had been issued and that she had 20 days to file a claim of exemption and request a hearing in accordance with Florida Statute § 77.041. ECF No. 30.

On September 29, 2023, Wells Fargo served its answer, identifying two accounts: xxxx-xx-6206 with a balance of $1.09 held in name of Juanderline Marseille and xxxx-xx-8409 with a balance of $470.67, held in the names of Shania Shalove Marseille and Juanderline Marseille. ECF No. 31.[1] On October 5, 2023, in accordance with Florida Statute § 77.055, Petitioner notified Shania Shalove Marseille and Juanderline Marseille of Wells Fargo's answer, and advised them that any motion to dissolve the writ of garnishment must be made within 20 days. ECF Nos. 32, 33. Thereafter, this matter was referred to me by the Hon. Aileen M. Cannon for a report and recommendation as to the disposition of Petitioner's interest in the assets identified in Wells Fargo's answer. ECF No. 34.

In federal court, the procedure on execution of a judgment "must accord with the procedure of the state where the court is located[.]" *Branch Banking & Tr. Co. v.*

---

[1] In its answer, Wells Fargo states that "Under its deposit account agreement with its customers, and other applicable law, Wells Fargo has a contractual right of setoff and a security interest in the above referenced accounts, and . . . is authorized to offset a legal process fee in the amount of $125.00. This sum has been taken from the accounts enumerated . . . and the amounts [listed in its answer] reflect the sum held and available for garnishment after this setoff." ECF No. 31 at ¶5. In addition, Wells Fargo seeks payment of the statutory $100.00 garnishment fee for filing its answer. *Id.*

*Carrerou*, 730 F. App'x 869, 870 (11th Cir. 2018) (quoting Fed. R. Civ. P. 69(a)(1)).  In Florida, a judgment creditor is required to send the judgment debtor two garnishment-related notices.  *Carrerou,* 730 F. App'x at 870.  The first notice is sent when the writ of garnishment is issued and advises the debtor that if an exemption from garnishment applies, he "must complete a form for claim of exemption and request for hearing" within 20 days.  *Id.* (quoting Fla. Stat. § 77.041).  The second notice is sent after the garnishee serves its answer and it notifies the debtor that he "must move to dissolve the writ of garnishment within 20 days" after the date on the certificate of service.  *Carrerou,* 730 F. App'x at 870 (quoting Fla. Stat. § 77.055).

Here, Petitioner served both statutorily required notices on Juanderline Marseille, but she has not filed any claim of exemption or request for a hearing, nor has she moved to dissolve the writ of garnishment.  Shania Shalove Marseille has also not objected to the writ of garnishment.  Given that the time for seeking relief from the writ of garnishment has expired, I RECOMMEND that Wells Fargo be ordered to turn over the money in the two accounts identified in its answer (totaling $471.76) to Petitioner in partial satisfaction of the judgment and that Petitioner be ordered to pay Wells Fargo $100 in accordance with Florida Statute § 77.28.  Upon proper disposition of the assets in its possession, Wells Fargo is entitled to an order discharging it from further liability under the writ.  Fla. Stat. § 77.061.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 30th day of November 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE